**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MOLON MOTOR AND COIL CORPORATION,** | |
| **Plaintiff,** | Case No. _____ |
| **v.** | JURY TRIAL DEMANDED |
| **MERKLE-KORFF INDUSTRIES, INC., KINETEK, INC., NIDEC KINETEK CORPORATION, and NIDEC MOTOR CORPORATION** | |
| **Defendants.** | |

## COMPLAINT

Plaintiff Molon Motor and Coil Corporation ("Molon"), by and through its undersigned counsel, files this Complaint for Patent Infringement against Defendants Merkle-Korff Industries, Inc. ("Merkle-Korff"), Kinetek, Inc. ("Kinetek"), Nidec Kinetek Corporation ("Nidec Kinetek"), and Nidec Motor Corporation ("Nidec Motor") (collectively, "Defendants"), and hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement of United States Patent No. 6,465,915 and United States Design Patent No. D451,072 under the Patent Laws of the United States, 35 U.S.C. § 1, et seq., seeking damages and injunctive and other relief under 35 U.S.C. § 281, et seq.

## THE PARTIES

2.      Plaintiff Molon is a corporation formed under the laws of the State of Illinois with its principal place of business at 300 North Ridge Avenue, Arlington Heights, Illinois 60005.

3.      Upon information and belief, Defendant Merkle-Korff is a corporation formed under the laws of the State of Delaware with a principal place of business at 1776 Winthrop Drive, Des Plaines, Illinois 60018.  Merkle-Korff is a business unit of its parent, Kinetek, Inc and

a subsidiary of Nidec Corporation, headquartered in Kyoto, Japan. Merkle-Korff may be served with process via its registered agent, Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

4.      Upon information and belief, Defendant Kinetek is a corporation formed under the laws of the State of Delaware with a principal place of business at 25 Northwest Point Boulevard, Suite 900, Elk Grove Village, Illinois 60007. Kinetek is a subsidiary of Nidec Corporation, headquartered in Kyoto Japan.

5.      Upon information and belief, Defendant Nidec Kinetek is a corporation formed under the laws of the State of Delaware with a principal place of business at 1751 Lake Cook Road, Deerfield, Illinois 60015. Nidec Kinetek is a subsidiary of Nidec Corporation, headquartered in Kyoto Japan.

6.      Upon information and belief, Defendant Nidec Motor is a corporation formed under the laws of the State of Delaware with a principal place of business at 8050 W Florissant Avenue, St. Louis, Missouri 63136. Nidec Motor is a subsidiary of Nidec Corporation, headquartered in Kyoto Japan. Nidec Motor may be served with process via its registered agent, Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

7.      Upon information and belief. Merkle-Korff, Kinetek and Nidec Kinetek reside in the Northern District of Illinois ("District").

8.      Upon information and belief, Defendants have conducted and regularly conduct business within this District, have purposefully availed themselves of the privileges of conducting business in this District, and have sought protection and benefit from the laws of the State of Illinois.

## JURISDICTION AND VENUE

9.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

10.      This Court has personal jurisdiction over Defendants.  Defendants either reside in this District and/or have continuous and systematic business contacts with the State of Illinois.  Defendants, directly or through subsidiaries or intermediaries (including distributors, retailers, and others), conduct their business extensively throughout Illinois, by making, shipping, distributing, offering for sale, selling, and advertising their products and/or services in the State of Illinois and this District.  Defendants, directly and through subsidiaries or intermediaries, purposefully and voluntarily placed one or more infringing products and/or services into the stream of commerce within the Northern District of Illinois.  Defendants have committed acts of patent infringement within the State of Illinois and this District.  Molon's cause of action for patent infringement arises directly from Defendants' activities in this District.

11.      Venue is proper in this Court according to the venue provisions set forth by 28 U.S.C. §§ 1391(b)-(d) and 1400(b).  Defendants are subject to personal jurisdiction in this District, either because they reside in this District or under the Illinois Long-Arm Statute, 735 ILCS 5/2-209, and are therefore deemed to reside in this District for purposes of venue.  Moreover, upon information and belief Defendants committed acts within this judicial District giving rise to this action and do business in this District, including but not limited to making, shipping, distributing, offering for sale, selling, and advertising their products and/or services in this District.

## BACKGROUND

**A.    The Patents-In-Suit.**

12.    United States Patent No. 6,465,915 ("the '915 Patent"), entitled "Miniature Motor," was duly and legally issued by the U.S. Patent and Trademark Office on October 15, 2002, after full and fair examination.  Mohamed Kerdjoudj and A.N. Tsergas are the named inventors listed on the '915 Patent.  The inventors assigned all rights in the '915 Patent to Molon.  Molon has all right, title and interest to the '915 Patent as well as the right to sue for, collect, and receive damages for past, present and future infringements of the '915 Patent.  The '915 Patent is valid and in force.  A true and correct copy of the '915 Patent is attached as **Exhibit A** and made a part hereof.

13.    United States Design Patent No. D451,072 ("the '072 Patent"), entitled "Compact Gear Motor Box," was duly and legally issued by the U.S. Patent and Trademark Office on November 27, 2001, after full and fair examination.  Mohamed Kerdjoudj and A.N. Tsergas are the named inventors listed on the '072 Patent.  The inventors assigned all rights in the '072 Patent to Molon.  Molon has all right, title and interest to the '072 Patent as well as the right to sue for, collect, and receive damages for past, present and future infringements of the '072 Patent.  The '072 Patent is valid and in force.  A true and correct copy of the '072 Patent is attached as **Exhibit B** and made a part hereof.

**B.    Defendants' Infringing Conduct.**

14.    Upon information and belief, Defendants make, use, offer to sell, and/or sell within, and/or import into the United States products that incorporate the fundamental technologies covered by at least claims 1, 2, 3 and 9 of the '915 Patent, and incorporated the fundamental design of the '072 Patent.  Upon information and belief, the infringing products include, but are not limited to, custom low-voltage direct current low-profile right angle gear box motors ("Custom LVDC Low-Profile Right Angle Gear Box Motors").  By way of example only, Molon identifies the S3210 (bearing a "VMR5" designation) and S4405 gear box motors as

4

products that infringe at least the identified claims of the '915 Patent, and the '072 Patent. Similar models of gear box motors are believed to infringe as well. Upon information and belief, Defendants design and manufacture the Custom LVDC Low-Profile Right Angle Gear Box Motors according to customer specifications, and do not make the Custom LVDC Low-Profile Right Angle Gear Box Motors available to the public.

15. Defendants' Custom LVDC Low-Profile Right Angle Gear Box Motors are miniaturized motors.

16. Defendants' Custom LVDC Low-Profile Right Angle Gear Box Motors have a DC motor with a permanent magnet attached thereto.

17. Defendants' Custom LVDC Low-Profile Right Angle Gear Box Motors have a first-stage worm driven at one end by the DC motor.

18. Defendants' Custom LVDC Low-Profile Right Angle Gear Box Motors have a pinion gear engaging with the first-stage worm.

19. Defendants' Custom LVDC Low-Profile Right Angle Gear Box Motors have a worm gear formed integrally with the pinion gear.

20. Defendants' Custom LVDC Low-Profile Right Angle Gear Box Motors have at least one cluster gear engaging with the worm gear.

21. Defendants' Custom LVDC Low-Profile Right Angle Gear Box Motors have an output gear driven by the at least one cluster gear.

22. Defendants' Custom LVDC Low-Profile Right Angle Gear Box Motors have an output shaft connected with the output gear.

23. Defendants' Custom LVDC Low-Profile Right Angle Gear Box Motors have a cover configured to protect a gear train.

24. Defendants' Custom LVDC Low-Profile Right Angle Gear Box Motors have a gear box configured to contain the gear train.

25. Defendants' Custom LVDC Low-Profile Right Angle Gear Box Motors have a

5

boss connected at one end to the cover and configured to stabilize the pinion gear.

26.     Defendants' Custom LVDC Low-Profile Right Angle Gear Box Motors have a cradle bearing formed in the cover and configured to receive one shaft end of the first-stage worm in order to prevent the first-stage worm from bending during operation.

27.     In Defendants' Custom LVDC Low-Profile Right Angle Gear Box Motors, the first-stage worm, the pinion gear, the worm gear, the at least one cluster gear and the output gear form the gear train.

28.     Defendants' Custom LVDC Low-Profile Right Angle Gear Box Motors have a support plate connected between the DC motor and the first-stage worm.

29.     Defendants' Custom LVDC Low-Profile Right Angle Gear Box Motors have a device configured to fasten the support plate to the DC motor so that the DC motor and the first-stage worm remain connected together in a straight line during rotation of the first-stage worm.

30.     Defendants' Custom LVDC Low-Profile Right Angle Gear Box Motors have a pinion shaft mounted below the pinion gear and above the worm gear.

31.     Defendants' Custom LVDC Low-Profile Right Angle Gear Box Motors are a design for a compact gear box motor.

**C.     Defendants' Knowledge of the '915 Patent**

32.     On August 4, 2004, Molon filed a complaint for patent infringement against Merkle-Korff in the Northern District of Illinois (Civil Action No. 1:04-cv-5134) alleging infringement of United States Patent No. 6,054,785.  The parties resolved this litigation pursuant to written agreement and a stipulated dismissal was entered on February 16, 2007. As part of the resolution, Merkle-Korff and its parent, Kinetek, sought a broad license to the '915 patent, which Molon declined to convey.  Consequently, Defendants have had knowledge of the '915 patent since at least February 2007.

## COUNT I

### Patent Infringement of U.S. Patent No. 6,465,915

33.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-32 as though fully set forth herein.

34.     The '915 Patent is valid and enforceable.

35.     Upon information and belief, Defendants have been and are currently directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, at least claims 1, 2, 3 and 9 of the '915 Patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, Custom LVDC Low-Profile Right Angle Gear Box Motors, including not limited to the S3210 and S4405, that include all of the limitations of at least claims 1, 2, 3 and 9 of the '915 Patent.

36.     Upon information and belief, third-party manufacturers that purchase Defendants' Custom LVDC Low-Profile Right Angle Gear Box Motors that include all of the limitations of one or more claims of the '915 Patent, including but not limited to the S3210 and S4405, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the claims of the '915 Patent by using, offering to sell, and/or selling infringing products in this District and elsewhere in the United States and/or importing infringing products into the United States.

37.     Upon information and belief, Defendants have had knowledge of the'915 Patent at least as of February 2007.

38.     Upon information and belief, Defendants have been and are currently indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), at least claims 1, 2, 3 and 9 of the '915 Patent.  Defendants' customers, including but not limited to SandenVendo, Royal Vendors, and Aquion, directly infringe at least claims 1, 2, 3 and 9 of the

7

'915 Patent by using, offering to sell, and/or selling products, including but not limited to vending machines and water filtration systems, containing the infringing Custom LVDC Low-Profile Right Angle Gear Box Motors in this District and elsewhere in the United States and/or importing products containing the infringing Custom LVDC Low-Profile Right Angle Gear Box Motors into the United States.  Upon information and belief, as of at least February 2007, Defendants have known and continue to know that Defendants' customers are directly infringing at least one claim of the '915 Patent.  Upon information and belief, Defendants have demonstrated specific intent to encourage their customers to infringe the claims of the '915 Patent by (i) providing designs, pursuant to both Defendants' and customers' specifications, for the Custom LVDC Low-Profile Right Angle Gear Box Motors; (ii) manufacturing and shipping prototypes of the Custom LVDC Low-Profile Right Angle Gear Box Motors; (iii) performing testing and qualification of the Custom LVDC Low-Profile Right Angle Gear Box Motors; (iv) marketing and generating offers to sell the Custom LVDC Low-Profile Right Angle Gear Box Motors; and (v) providing customer support for the Custom LVDC Low-Profile Right Angle Gear Box Motors.  All of these active steps, performed in the United States and within this District, are taken to encourage direct infringement and show an affirmative intent that the Custom LVDC Low-Profile Right Angle Gear Box Motors be used to infringe the '915 Patent.

39.     By inducing their customers to use the inventions claimed in the '915 Patent, including through their use of the Custom LVDC Low-Profile Right Angle Gear Box Motors, Defendants have been and are now indirectly infringing under 35 U.S.C. § 271(b) one or more claims of the '915 Patent, either literally or under the doctrine of equivalents, including at least claim 1, 2, 3 and 9.

40.     Upon information and belief, Defendants have been and are currently indirectly infringing, by way of contributing to the infringement of others under 35 U.S.C. § 271(c), at least claims 1, 2, 3 and 9 of the '915 Patent.  Defendants' customers, including but not limited to SandenVendo, Royal Vendors, and Aquion, directly infringe at least claims 1, 2, 3 and 9 of the

8

'915 Patent by using, offering to sell, and/or selling products, including but not limited to vending machines and water filtration systems, containing the infringing Custom LVDC Low-Profile Right Angle Gear Box Motors in this District and elsewhere in the United States and/or importing products containing the infringing Custom LVDC Low-Profile Right Angle Gear Box Motors into the United States. Upon information and belief, as of at least February 2007, Defendants have known of the '915 Patent. Upon information and belief, Defendants have made, used, sold, offered for sale certain components of the Custom LVDC Low-Profile Right Angle Gear Box Motors in the United States, and/or imported certain components, including but not limited to gear box casings, gears and electric motors, into the United States, those components not being staple articles of commerce and not having any substantial use outside of infringement of at least one claim of the '915 Patent.

41. By contributing to their customers' use of the inventions claimed in the '915 Patent, including through their use of the Custom LVDC Low-Profile Right Angle Gear Box Motors, Defendants have been and are now indirectly infringing under 35 U.S.C. § 271(c) one or more claims of the '915 Patent, either literally or under the doctrine of equivalents, including at least claim 1, 2, 3 and 9.

42. Upon information and belief, Defendants have been and are currently infringing, by way of inducement with specific intent under 35 U.S.C. § 271(f)(1), at least claims 1, 2, 3 and 9 of the '915 Patent by supplying components, including but not limited to gear box casings, gears and electric motors, of the Custom LVDC Low-Profile Right Angle Gear Box Motors in and from the United States, knowing that such components are so made or adapted and intending that such components will be combined outside of the United States to form the Custom LVDC Low-Profile Right Angle Gear Box Motors that would infringe the '915 Patent if such combination occurred within the United States. Upon information and belief, Defendants have known and continue to know that components for the Custom LVDC Low-Profile Right Angle Gear Box Motors are supplied in and from the United States to at least their affiliates in

9

Mexico where those components are combined in whole or in part to form the Custom LVDC Low-Profile Right Angle Gear Box Motors that would infringe the '915 Patent if such combination occurred within the United States.

43.     By inducing the combination of components at their affiliates' manufacturing and assembly facilities outside of the United States to form the Custom LVDC Low-Profile Right Angle Gear Box Motors, Defendants have been and are now infringing under 35 U.S.C. § 271(f)(1) one or more claims of the '915 Patent, either literally or under the doctrine of equivalents, including at least claim 1, 2, 3 and 9.

44.     Upon information and belief, Defendants have been and are currently infringing, by way of contribution under 35 U.S.C. § 271(f)(2), at least claims 1, 2, 3 and 9 of the '915 Patent by supplying components, including but not limited to gear box casings, gears and electric motors, of the Custom LVDC Low-Profile Right Angle Gear Box Motors in and from the United States, knowing that such components are especially made or especially adapted for use in the invention of the '915 Patent and not a staple article or commodity of commerce suitable for substantial noninfringing use, knowing that such components are so made or adapted and intending that such components will be combined outside of the United States to form the Custom LVDC Low-Profile Right Angle Gear Box Motors that would infringe the '915 Patent if such combination occurred within the United States.  Upon information and belief, Defendants have known and continue to know that components for the Custom LVDC Low-Profile Right Angle Gear Box Motors are supplied in and from the United States to at least their affiliates in Mexico where those components are combined in whole or in part to form the Custom LVDC Low-Profile Right Angle Gear Box Motors that would infringe the '915 Patent if such combination occurred within the United States.

45.     By contributing to the combination of components at their affiliates' manufacturing and assembly facilities outside of the United States to form the Custom LVDC Low-Profile Right Angle Gear Box Motors, Defendants have been and are now infringing under

35 U.S.C. § 271(f)(2) one or more claims of the '915 Patent, either literally or under the doctrine of equivalents, including at least claim 1, 2, 3 and 9.

46.     As a result of Defendants' unlawful infringement of the '915 Patent, Molon has suffered and will continue to suffer damages in an amount to be proven at trial.  Molon is entitled to recover from Defendants the damages adequate to compensate for such infringement in the form of both lost profits and a reasonable royalty, which have yet to be determined.

47.     Molon is entitled to pre-suit damages for Defendants' infringement of the '915 Patent under 35 U.S.C. § 287(a).

48.     Defendants will continue to infringe the '915 Patent unless and until they are enjoined by this Court.

49.     Despite Defendants' knowledge of the '915 Patent and the gear box motor technology that it covered since at least as early as February 2007, and despite Defendants' knowledge that they lacked the requisite license to the '915 Patent, Defendants have nevertheless continued to directly infringe the '915 Patent under 35 U.S.C. §§ 271(a), 271(f)(1) and 271(f)(2), induce the infringement of the '915 Patent under 35 U.S.C. § 271(b), and contribute to the infringement of the '915 Patent under 35 U.S.C. § 271(c), through the making, using, selling, offering for sale, importing and providing components of their Custom LVDC Low-Profile Right Angle Gear Box Motors, despite knowing that their actions and products directly and/or indirectly infringed the '915 Patent.  At a minimum, an objectively high likelihood existed that Defendants' actions constituted infringement of the '915 Patent.  This infringement was known to Defendants or was so obvious that Defendants should have known about this infringement.  Despite knowing that their actions constituted infringement of the '915 Patent and/or despite knowing that that there was a high likelihood that their actions constituted infringement of the '915 Patent, Defendants nevertheless continued their infringing actions, and

continued to make, use, sell, offer for sale, import and provide components for their Custom LVDC Low-Profile Right Angle Gear Box Motors.

50.　　Defendants' infringement of the '915 Patent has thus been deliberate and willful.

## COUNT II

### Patent Infringement of U.S. Design Patent No. D451,072

51.　　Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-32 as though fully set forth herein.

52.　　The '072 Patent is valid and enforceable.

53.　　Upon information and belief, Defendants have been and are currently directly infringing the '072 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, Custom LVDC Low-Profile Right Angle Gear Box Motors, including not limited to the S3210 and S4405.

54.　　As a result of Defendants' unlawful infringement of the '072 Patent, Molon has suffered and will continue to suffer damages in an amount to be proven at trial.  Molon is entitled to recover from Defendants the damages adequate to compensate for such infringement in the form of lost profits, a reasonable royalty and/or Defendants' total profits pursuant to 35 U.S.C. § 289, all of which have yet to be determined.

55.　　Molon is entitled to pre-suit damages for Defendants' infringement of the '072 Patent under 35 U.S.C. § 287(a).

56.　　Defendants will continue to infringe the '072 Patent unless and until they are enjoined by this Court.

## JURY DEMAND

57.　　Molon hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Molon respectfully requests that the Court find in its favor and against Defendants, and that the Court grants Molon the following relief:

A.  Holding that Defendants have directly infringed, either literally or under the doctrine of equivalents, at least one claim of the '915 Patent under 35 U.S.C. § 271(a);

B.  Holding that Defendants have induced infringement of at least one claim of the '915 Patent under 35 U.S.C. § 271(b);

C.  Holding that Defendants have contributed to the infringement of at least one claim of the '915 Patent under 35 U.S.C. § 271(c);

D.  Holding that Defendants have infringed at least one claim of the '915 Patent under 35 U.S.C. § 271(f)(1);

E.  Holding that Defendants have infringed at least one claim of the '915 Patent under 35 U.S.C. § 271(f)(1);

F.  Holding that Defendants have willfully infringed at least one claim of the '915 Patent.

G.  Holding that the '915 Patent is valid and enforceable;

H.  Permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with any of them from infringing, inducing the infringement of or contributing to the infringement of the '915 Patent;

I.  Awarding to Molon the damages to which it is entitled under 35 U.S.C. § 284 for Defendants' past infringement and any continuing or future infringement of the '915 Patent up until the date Defendants are finally and permanently enjoined from further infringement, including compensatory damages and the trebling of such damages due to the willful nature of the infringement;

J.    Holding that Defendants have directly infringed the '072 Patent under 35 U.S.C. § 271(a);

K.    Holding that the '072 Patent is valid and enforceable;

L.    Permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with any of them from infringing, inducing the infringement of or contributing to the infringement of the '072 Patent;

M.    Awarding to Molon the damages to which it is entitled under 35 U.S.C. §§ 284 and/or 289 for Defendants' past infringement and any continuing or future infringement of the '072 Patent up until the date Defendants are finally and permanently enjoined from further infringement, including compensatory damages;

N.    Declaring this to be an exceptional case and awarding Molon attorneys' fees under 35 U.S.C. § 285;

O.    Awarding Molon costs and expenses in this action;

P.    Awarding Molon pre- and post-judgment interest on its damages; and

Q.    Such other and further relief as the Court deems just and equitable.

Dated: March 22, 2016
Mishcon de Reya New York LLP
By: ___/s/ John F. Petrsoric___
John F. Petrsoric (#3995313)
Robert A. Whitman
Mark S. Raskin
2 Park Avenue South, 20th Floor
New York, New York 10016
Telephone: (212) 612-3270
Fax: (212) 612-3297
john.petrsoric@mishcon.com
robert.whitman@mishcon.com
mark.raskin@mishcon.com

*Attorneys for Plaintiff Molon Motor and Coil Corp.*

Local Counsel:
Sara E. Cook
Kristin Tauras
33 N. LaSalle St., Suite 1400
Chicago, IL 60602
312-558-3900
scook@mckenna-law.com
ktauras@mckenna-law.com